IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IBRAHIM MUSTAFAA,

        Plaintiff,

    v.

ILLINOIS DEPARTMENT OF
HEALTHCARE AND FAMILY
SERVICES, et al.,

        Defendants.

Case No. 1:26-cv-288

## **MAXIMUS FEDERAL SERVICES, INC.'S MEMORANDUM OF LAW  IN SUPPORT OF ITS MOTION TO DISMISS**

# TABLE OF CONTENTS

I.     QUESTIONS PRESENTED .................................................................... 1

II.    NATURE OF THE MATTER BEFORE THE COURT ........................................ 1

III.   FACTUAL BACKGROUND ................................................................... 3

      A.    The Complaint Does Not Identify Any Misconduct By Maximus. .............. 3

      B.    Plaintiff's Prior Litigation Suggests That Plaintiff's Gripe Stems From A Decades-Old State Court Order. ....................................................... 4

IV.   STANDARD OF REVIEW ..................................................................... 5

V.    THIS COURT LACKS SUBJECT MATTER JURISDICTION. ........................... 7

      A.    This Court Lacks Subject Matter Jurisdiction Pursuant To The *Rooker-Feldman* Doctrine. .............................................................. 7

      B.    Alternatively, This Court Lacks Subject Matter Jurisdiction Pursuant To The *Younger* Doctrine. ................................................................ 9

VI.   THE COMPLAINT FAILS TO STATE A CLAIM. ........................................ 11

      A.    The Complaint Fails to Meet Rule 8's Pleading Standard. ........................ 11

      B.    Plaintiff's Complaint Also Must Be Dismissed Under Rule 12(b)(6) Because Plaintiff Is Not A State Actor. ...................................................... 14

VII.   CONCLUSION ................................................................................ 17

# TABLE OF AUTHORITIES

Page(s)

Cases

*Adams v. Bain*,
  697 F. 2d 1213 (4th Cir. 1982) ..................................................................................... 5
*Am. Reliable Ins. Co. v. Stillwell*,
  336 F.3d 311 (4th Cir. 2003) ......................................................................................... 8
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................................... 6
*Baker v. Graham*,
  2025 WL 4348651 (D.S.C. Nov. 20, 2025) ................................................................. 16
*Baker v. Graham*,
  2026 WL 91442 (D.S.C. Jan. 13, 2026) ...................................................................... 16
*Baker v. West*,
  2025 WL 3771397 (M.D.N.C. Dec. 31, 2025) ............................................................. 5
*Bass v. DuPont de Nemours & Co.*,
  324 F.3d 761 (4th Cir. 2003) ......................................................................................... 6
*Beaudett v. City of Hampton*,
  775 F.2d 1274 (4th Cir. 1985) ..................................................................................... 11
*Beaver v. Pfizer Inc.*,
  2024 WL 234725 (W.D.N.C. Jan. 22, 2024) ............................................................... 13
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 6, 11
*Bender v. Suburban Hosp., Inc.*,
  159 F.3d 186 (4th Cir. 1998) ....................................................................................... 11
*Bethea v. Equifax Info. Servs., LLC*,
  813 F. Supp. 3d 581 (W.D.N.C. 2025) ........................................................................ 11
*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*,
  531 U.S. 288 (2000) ..................................................................................................... 14
*Burnett v. Brown*,
  1995 U.S. Dist. LEXIS 20135 (W.D.N.C. Dec. 21, 1995) .......................................... 14
*Conn v. Gabbert*,
  526 U.S. 286 (1999) ..................................................................................................... 13
*Davis v. North Carolina*,
  2026 WL 1384255 (E.D.N.C. May 18, 2026) ............................................................... 9
*Dawaji v. Askar*,
  618 F. App'x 858 (7th Cir. 2015) ................................................................................... 7

*Flagg Bros., Inc. v. Brooks*,
436 U.S. 149 (1978) ........................................................................................ 16

*Hoyle v. McEntire*,
2014 WL 6450562 (W.D.N.C. Nov. 17, 2024) ...................................................... 14, 15

*Johnson v. De Grandy*,
512 U.S. 997 (1994) .......................................................................................... 8

*Johnson v. North Carolina*,
905 F. Supp. 2d 712 (W.D.N.C. 2012)................................................................. 5, 6

*Jones v. Connolly*,
2025 WL 394983 (W.D.N.C. Feb. 4, 2025) ........................................................... 9

*Jordahl v. Democratic Party of Va.*,
122 F.3d 192 (4th Cir. 1997) ............................................................................. 8

*Justice v. Dimon*,
2011 WL 2183146 (W.D.N.C. June 6, 2011)......................................................... 6

*Kroiss v. Cincinnati Ins. Cos.*,
2020 U.S. Dist. LEXIS 179873 (M.D.N.C. Sept. 30, 2020) ...................................... 11

*Lance v. Dennis*,
546 U.S. 459 (2006) .......................................................................................... 5

*LeSane v. Bell*,
2024 WL 5056259 (E.D.N.C. Dec. 10, 2024)........................................................ 10

*Lucas v. Wells Fargo Bank, N.A.*,
2026 WL 968700 (W.D.N.C. Apr. 9, 2026)........................................................... 13

*Lugar v. Edmondson Oil Co.*,
457 U.S. 922 (1982) .......................................................................................... 14

*McAllister v. North Carolina*,
2011 WL 883166 (E.D.N.C. Mar. 11, 2011).......................................................... 9

*Meris v. Bell*,
2018 WL 11545583 (M.D.N.C. Nov. 27, 2018) ..................................................... 2

*Michaux v. Mann+Hummel Filtration Tech.*,
2025 WL 2881169 (W.D.N.C. Oct. 9, 2025) ......................................................... 6

*Mustafaa v. Illinois Dep't of Healthcare & Fam. Servs.*,
2021 WL 1240292, 2021 IL App (1st) 190744-U,  (unpublished). ............................. 4

*NCAA v. Tarkanian*,
488 U.S. 179 (1988) .......................................................................................... 14

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
591 F.3d 250 (4th Cir. 2009) ............................................................................. 11

*Nivens v. Gilchrist*,
444 F.3d 237 (4th Cir. 2006) ............................................................................. 5

*Painter v. Protogyrou*,
2008 WL 648169 (W.D. Va. Mar. 10, 2008) ......................................................... 14

*Peltier v. Charter Day Sch.*,
37 F. 4th 104 (4th Cir. 2022)............................................................................... 14

Case 1:26-cv-00288-WO-JEP    Document 15    Filed 06/08/26    Page 4 of 25

*Puchner v. Kruziki*,
111 F. 3d 541 (7th Cir. 1997) ..................................................................................... 7

*Raffaele v. Marrama*,
164 F. Supp. 2d 224 (D. Mass. 2001).......................................................................... 16

*Smalley v. Shapiro & Burson, LLP*,
526 F. App'x 231 (4th Cir. 2013)................................................................................. 8

*Sooner Prods. Co. v. McBride*,
708 F.2d 510 (10th Cir. 1983) ................................................................................... 14

*Spinks v. Cohen*,
2020 WL 1676919 (M.D.N.C. Apr. 6, 2020) ............................................................... 2

*Teasley v. O'Brien*,
2024 WL 2382383 (M.D.N.C. May 23, 2024)...................................................... 11, 13

*UAW, Local 5285 v. Gaston Festivals,*
43 F.3d 902 (4th Cir. 1995) ....................................................................................... 16

*Younger v. Harris*,
401 U.S. 37 (1971) ....................................................................................................... 5

Statutes

42 U.S.C. § 1983 .............................................................................................. 1, 2, 3, 7
42 U.S.C. § 1985 ................................................................................................. 1, 3, 7
N.C.G.S. § 52C-1-101(20) ................................................................................. 15, 16

Rules

Fed. R. Civ. P. 12(b)(1) ............................................................................................... 5
Fed. R. Civ. P. 12(b)(6) ........................................................................................... 5, 7
Fed. R. Civ. P. 8.......................................................................................................... 11
Fed. R. Civ. P. 8(a) ............................................................................................... 1, 3, 6

## I. QUESTIONS PRESENTED

1. Are Plaintiff's claims barred by the application of the *Rooker-Feldman* or the *Younger* abstention doctrines where Plaintiff's claims against Maximus Federal Services, Inc. ("Maximus") represent an appeal from either ongoing or final state court orders?

2. Does Plaintiff's Complaint fail to state a claim upon which relief can be granted where Plaintiff failed to plead when, how, or why Maximus violated Plaintiff's Constitutional due process rights?

3. Does Plaintiff's Complaint fail to state a claim upon which relief can be granted where Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985, which require a state action, but Maximus is a private corporation that Plaintiff does not allege acted under the color of state law?

## II. NATURE OF THE MATTER BEFORE THE COURT

Plaintiff, a serial *pro se* litigant, asserts constitutional-law claims against Maximus Federal Services, Inc. ("Maximus") and several other defendants affiliated with the Illinois Department of Healthcare and Family Services ("HFS"), relating to the enforcement of Plaintiff's child support orders from decades ago.[1] The Complaint asserts claims for: (a) violation of Plaintiff's procedural due process pursuant to 42 U.S.C. § 1983; (b) violation of Plaintiff's substantive due process pursuant to § 1983; (c) conspiracy pursuant to 42 U.S.C. §§ 1983 and 1985, for deprivation of unspecified "constitutional rights"; (d)

---

[1] Although Plaintiff alleges that Defendant Wanda Betts is "upon information and belief, an employee of HFS and/or Maximus, Inc." (Compl. ¶ 10), Ms. Betts does not appear to have been employed by Maximus and, in any event, was not served in this matter.

declaratory judgment—though the Complaint does not specify the declaratory relief Plaintiff seeks; and (v) injunctive relief, again of the type the Complaint does not specify.

The Complaint suffers from multiple fatal deficiencies. ***First***, Plaintiff's claims essentially represent an appeal from the orders of the state court. This Court cannot consider such an appeal from the state court decision pursuant to the *Rooker-Feldman* doctrine. Relatedly, to the extent the HFS's proceedings of which Plaintiff complains are still ongoing (the Complaint does not say one way or the other), this Court should abstain from considering this matter under the principles of the *Younger* abstention doctrine.

***Second***, the Complaint fails to offer any facts regarding Plaintiff's claims against Maximus. Other than noting that Maximus is a "private corporation that contracted with HFS to perform child support enforcement and related administrative functions" (Dkt. No. 1 ¶ 9), the Complaint simply does not explain what Maximus did wrong or when. Another, now closed, state-court action involving Plaintiff suggests that the child support enforcement action at issue here dates back decades to 1986 or 1992.[2] *Mustafaa v. City of Chicago, Dept. of Admin. Hearings, et al.*, No. 21-cv-00306 (N.D. Ill.), at Dkt. No. 18,

---

[2] When Maximus asked Plaintiff to describe the nature of his injuries in an email, Plaintiff indicated that "[t]his action arises from the unauthorized 2000 Income Withholding Order." (Dkt. No. 14-2, Email from I. Mustafaa dated April 8, 2026, with attachment.) Plaintiff did not attach a copy of the referenced income withholding order but did attach a copy of the Judgment of Dissolution of Marriage dated April 6, 1992. These claims are extremely stale and, to the extent Plaintiff complains of these orders from 1992 and 1986, his claims are also time-barred. *Meris v. Bell*, 2018 WL 11545583, at *1 (M.D.N.C. Nov. 27, 2018) (three-year statute of limitations for § 1983 claims).

attached here at Dkt. No. 14-1.[3] Plaintiff does not allege that Maximus was involved with the child support enforcement action thirty years ago. Even reviewing his pleadings leniently due to Plaintiff's *pro se* status, the allegations made are woefully insufficient to meet the requirements of Fed. R. Civ. P. 8(a).

***Third***, the Complaint also fails to state a claim under 42 U.S.C. §§ 1983, 1985, or other constitutional claims because it does not describe any facts to suggest that Maximus is a state actor. Accordingly, even if Plaintiff were given an opportunity to amend his Complaint to supplement his factual allegations, Plaintiff would still be unable to plead around the other fatal obstacles.

## III. FACTUAL BACKGROUND

### A. The Complaint Does Not Identify Any Misconduct By Maximus.

Plaintiff's March 30, 2026 Complaint alleges five constitutional claims. (Dkt. No. 1.) Maximus is one of eleven Defendants named therein; each of the ten other named Defendants are agents of the State of Illinois and/or employed by HFS, an Illinois governmental agency. (*Id.* ¶¶ 5-15.) As Plaintiff concedes, Maximus is the only defendant that is a "private corporation." (*Id.* ¶ 9.)

The totality of the "facts" asserted in the Complaint regarding Maximus are limited to the following:

1. Plaintiff challenges "the maintenance and enforcement" of unspecified

---

[3] The Court can take judicial notice of Plaintiff's litigation history as a public record, *see Spinks v. Cohen*, 2020 WL 1676919, at *6 (M.D.N.C. Apr. 6, 2020) (documents from other court's dockets "are in the public record" and are thus properly considered in deciding a Rule 12 motion).

"child support and related administrative actions" (*id.* p. 1);

2. Maximus is a "private corporation that contracted with HFS to perform child support enforcement and related administrative functions and is sued as a private actor acting under color of state law" (*id.* ¶ 9);

3. All Defendants allegedly "initiated and maintained administrative enforcement actions affecting Plaintiff's property and legal status" (*id.* ¶ 17); and

4. All Defendants allegedly, "after termination or discharge of enforcement, … failed to enter satisfaction, correct records, or otherwise remedy the unlawful deprivation." (*Id.* ¶ 18.)

The Complaint does not identify when the underlying child support order was entered, what enforcement actions Plaintiff complains of, and how and when Maximus was involved in the said enforcement actions.

## B. Plaintiff's Prior Litigation Suggests That Plaintiff's Gripe Stems From A Decades-Old State Court Order.

It is noteworthy that several years ago, in 2021, Plaintiff filed a complaint in Illinois federal court against several of the same DHS-affiliated defendants. (Dkt. No. 14-3, Illinois Action Complaint.) The Illinois federal court's order dismissing Plaintiff's complaint explained that Plaintiff had filed an administrative appeal of the 1986 Order in 2017, allowing enforcement of the lien, which he then appealed in Illinois state court. (Dkt. No. 14-1, p. 1.) The Illinois Court of Appeals affirmed the state circuit court's decision to deny Plaintiff's petition to vacate the 30-year-old administrative support order on the grounds that it was "not timely." *Mustafaa v. Illinois Dep't of Healthcare & Fam. Servs.*, 2021 WL 1240292, 2021 IL App (1st) 190744-U, ¶¶ 1-2 (unpublished). Plaintiff filed a petition for leave to appeal with the Supreme Court of Illinois, which that court denied on September

29, 2021. *See Mustafaa v. Illinois Dep't of Healthcare & Fam. Servs.*, 175 N.E.3d 83 (Table), 447 Ill. Dec. 715 (Ill. 2021).

The Illinois federal complaint was dismissed pursuant to the *Rooker-Feldman* doctrine. (Dkt. No. 14-1.) The federal court held that Plaintiff could not obtain federal review of the state court's ruling to allow enforcement of a lien on Plaintiff's bank account, because Plaintiff had merely recast the state court ruling as a federal claim. (*Id.* at p. 5.)

## IV. STANDARD OF REVIEW

***Dismissal Based on Lack of Subject Matter Jurisdiction.*** Maximus moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1), based on the application of the *Rooker-Feldman* doctrine or, in the alternative, application of the *Younger* abstention doctrine. Pursuant to the *Rooker-Feldman* doctrine, lower federal courts generally cannot exercise appellate review over final state court judgment. *See Baker v. West*, 2025 WL 3771397, at *2 (M.D.N.C. Dec. 31, 2025) (citing *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). *Younger v. Harris* established another jurisdictional doctrine that reflects "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." 401 U.S. 37 (1971).

Maximus's challenge based on the *Rooker-Feldman* and *Younger* doctrines is properly raised under Fed. R. Civ. P. 12(b)(1). *Nivens v. Gilchrist*, 444 F.3d 237, 239-40 (4th Cir. 2006) (affirming dismissal of claims pursuant to 12(b)(1) on *Younger* abstention grounds); *Baker*, 2025 WL 3771397, at *2 (dismissing claims pursuant to 12(b)(1) on *Rooker-Feldman* grounds).

The existence of subject-matter jurisdiction "is a threshold issue the court must address before considering the merits of the case." *Johnson v. North Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). Importantly, "plaintiff bears the burden of proof in Rule 12(b)(1) motions.'" *Id.* (quoting *Adams v. Bain*, 697 F. 2d 1213, 1219 (4th Cir. 1982)). While Rule 12(b)(6) dictates that all facts alleged in the complaint are assumed to be true, the Complaint is still required to "allege facts upon which subject matter jurisdiction can be based" *Id.* The *Rooker-Feldman* and *Younger* doctrines require dismissal of this action.

**_Dismissal Based on Failure to State a Claim._** Pursuant to Fed. R. Civ. P. 8(a), a complaint "must contain" a "short and plain statement of": (1) "the grounds for the court's jurisdiction"; (2) "the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). These principles apply to all litigants, including plaintiffs proceeding *pro se*. *See Justice v. Dimon*, 2011 WL 2183146, at *4 (W.D.N.C. June 6, 2011) (quoting *Bass v. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)) ("Like plaintiffs who are represented by counsel, a pro se plaintiff must still 'allege facts sufficient to state all the elements of the claim.'"). A motion to dismiss "for failure to state a claim upon which relief can be granted tests whether the complaint is legally and factually sufficient." *Michaux v. Mann+Hummel Filtration Tech.*, 2025 WL 2881169, at *1 (W.D.N.C. Oct. 9, 2025) (cleaned up; citations omitted).

Well-pleaded complaints "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As is the case here, "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" *Id.* Plaintiff's claims must be dismissed for failure to state a claim.

***Dismissal Based on Failure to Allege State Action under 42 U.S.C. §§ 1983 and 1985.*** The Complaint additionally fails under Rule 12(b)(6) due to Plaintiff's failure to establish that Maximus is a state actor. Plaintiff must meet the state action requirement since all of Plaintiff's claims against Maximus are brought under 42 U.S.C. §§ 1983 and 1985. Plaintiff has not adequately alleged any facts to suggest that Maximus is a state actor or acting under the color of state law.

## V.     THIS COURT LACKS SUBJECT MATTER JURISDICTION.

Because the Complaint is entirely silent as to the status of the child support enforcement action(s) that Plaintiff complains of here, the application of one of two alternate but related doctrines (*Rooker-Feldman* and *Younger*) is appropriate. Both doctrines require the Court to abstain from considering Plaintiff's claims.

### A.     This Court Lacks Subject Matter Jurisdiction Pursuant To The *Rooker-Feldman* Doctrine.

Although the Complaint is far from clear, Plaintiff appears to complain about certain child support order(s) entered by an Illinois state court several decades ago. Presumably, that is why Plaintiff has named several Illinois HFS officials as defendants. State courts have exclusive jurisdiction to resolve child support issues and enter child support orders.

*See Puchner v. Kruziki*, 111 F. 3d 541, 542 (7th Cir. 1997) ("Normally, the federal courts do not become involved in child support disputes, as this is one of the matters most clearly allocated to the state courts in our federal system."); *Dawaji v. Askar*, 618 F. App'x 858, 860 (7th Cir. 2015) (domestic-relations exception to federal subject matter jurisdiction precluded federal jurisdiction to evaluate merits of child support award). Because the crux of Plaintiff's Complaint arises out of a state court child support order, this Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 235 (4th Cir. 2013) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). Congress has vested the power to entertain an appeal of a state court judgment only with the Supreme Court, and a litigant may not circumvent these jurisdictional mandates by seeking review of a state court decision by a lower federal court. *Id.* (quoting *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003)).

The "controlling question" in applying the *Rooker-Feldman* doctrine is "whether a party seeks the federal district court to review a state court decision and pass upon the merits of that state court decision, not whether the state court judgment is presently subject to reversal or modification." *Id.* at 235-36. If granting the federal relief sought by Plaintiff requires the federal court to determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual, *Rooker-Feldman*

is implicated. *Id.* at 235-36 (quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997)). "The doctrine applies not only to matters directly addressed by the state court, but also to claims which are inextricably intertwined' with state court decisions." *Id.* at 236 (citation and quotations omitted).

Plaintiff's claims directly implicate the *Rooker-Feldman* doctrine because the only conduct he appears to be challenging in this Court relates to state-court-issued child support orders and orders enforcing these child support orders—also state-court orders. Tellingly, the relief Plaintiff seeks includes "halt[ing]" enforcement of those state court orders. (Dkt. No. 1 ¶ 23.) Thus, to the extent Plaintiff's claims are based on child support orders entered by a state court or state-court orders enforcing Plaintiff's child support obligations, Plaintiff cannot seek review of those orders in federal court. *See* Ex. 1, pp. 3-4; *Jones v. Connolly*, 2025 WL 394983, at *2-3 (W.D.N.C. Feb. 4, 2025) (dismissing case purporting to challenge state court-issued child support order for lack of subject matter jurisdiction under *Rooker-Feldman* doctrine); *McAllister v. North Carolina*, 2011 WL 883166, at *2 (E.D.N.C. Mar. 11, 2011) (same).

### B. Alternatively, This Court Lacks Subject Matter Jurisdiction Pursuant To The *Younger* Doctrine.

Moreover, to the extent Plaintiff's claims involve any ongoing state-court proceedings, Plaintiff's claims would also be barred by the *Younger* abstention. Under the *Younger* doctrine, federal courts "must abstain from exercising jurisdiction" if the following conditions are met:

> (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.

*Davis v. North Carolina*, 2026 WL 1384255, at \*1-2 (E.D.N.C. May 18, 2026).

If the enforcement actions Plaintiff complains of here are in fact ongoing, then the first element of the *Younger* test is met. With respect to the second factor (state interests), any state seeking to enforce Plaintiff's child support obligations would have a vital interest in ensuring that the minor child(ren) subject to the child support obligations are adequately supported. Regarding the third factor (adequate opportunity to challenge), Plaintiff also is considered to have an adequate opportunity to raise his constitutional claims in state court so long that "a state forum exists to hear a plaintiff's constitutional claim." *LeSane v. Bell*, 2024 WL 5056259, at \*3 (E.D.N.C. Dec. 10, 2024). Plaintiff has not alleged, nor will he be able to cite any, "law or rule proscribing" him from bringing (barring any statutes of limitation concerns) his constitutional claims in state court. Thus, if the child support action(s) Plaintiff now complains of are ongoing—as in, are not yet subject to a final state court judgment—then *Younger* abstention removes this Court's jurisdiction.

There are only three "exceedingly narrow" exceptions to the application of *Younger* abstention for cases in which: (1) "there is a showing of bad faith or harassment by state officials"; (2) "the state law to be applied is flagrantly and patently violative of express constitutional prohibitions"; or (3) "other extraordinary circumstances exist that present a

threat of immediate and irreparable injury." *Id.* Plaintiff has not alleged any facts to support any of those three exceptions.

Thus, regardless of whether the child support obligations Plaintiff complains of now are the product of final, fully-adjudicated proceeding or remain ongoing, this Court does not have jurisdiction to hear Plaintiff's claims.

## VI. THE COMPLAINT FAILS TO STATE A CLAIM.

### A. The Complaint Fails to Meet Rule 8's Pleading Standard.

To state a claim upon which relief can be granted, the Complaint must contain "sufficient factual matter" to plausibly entitle Plaintiff to relief. Mere "blanket assertion[] of entitlement to relief" will not suffice. *Bethea v. Equifax Info. Servs., LLC*, 813 F. Supp. 3d 581, 584 (W.D.N.C. 2025) (quoting *Twombly*, 550 U.S. at 555 n.3). The Court accepts all well-pled facts as true and construes such facts in the light most favorable to the Plaintiff. However, the Court "does not consider legal conclusions, elements of a cause of action, bare assertions devoid of further factual enhancement, unwarranted inferences, unreasonable conclusions, or arguments." *Bethea,* 813 F. Supp. 3d at 584 (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (cleaned up)). Rule 8 "does not require detailed factual allegations, but demands more than unadorned, the defendant-unlawfully-harmed me accusations." *Teasley v. O'Brien*, 2024 WL 2382383, at *4 (M.D.N.C. May 23, 2024).

Plaintiff's *pro se* status does not materially change this analysis. "Although courts must construe *pro se* complaints liberally, 'generosity is not a fantasy.'" *Kroiss v.*

*Cincinnati Ins. Cos.,* 2020 U.S. Dist. LEXIS 179873, at *10 (M.D.N.C. Sept. 30, 2020) (quoting *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998)). "The court is not expected to plead a plaintiff's claim for [him] or construct full blown claims from sentence fragments." *Id.* (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Plaintiff's Complaint contains no factual allegations in support of his five claims against Maximus. The closest the Complaint comes are two vague paragraphs identified as "Factual Allegations" that reference some unidentified administrative enforcement actions that Plaintiff alleges affected his property and "legal status." (Dkt. No. 1, ¶ 17.) The Complaint also indicates (without specifics) that perhaps that same action has been terminated or discharged, yet appropriate records have not been corrected, causing "continuing and ongoing harm" to Plaintiff. (*Id.*, ¶ 18.) The Complaint also makes a reference to Plaintiff "challeng[ing] the maintenance and enforcement of child support and related administrative actions." (*Id.*, Introduction.) Again, no substantive allegations are made.

Under even the most liberal interpretation of Plaintiff's Complaint, Plaintiff has not identified specific or even general allegations regarding Maximus's "maintenance and enforcement" actions and obligations that are at issue, when those were imposed and by which judicial or administrative body, how Maximus is or was involved with enforcement of Plaintiff's child support obligations, if at all, and how those obligations were imposed "without valid judicial authority, without constitutionally adequate notice, and without a

meaningful opportunity to be heard" (*id.* at ¶ 17). Beyond mere conclusory allegations, the Complaint does not explain:

- What Maximus acts caused Plaintiff to be subjected to a deprivation of his Constitutional rights;

- When and how Maximus supposedly engaged in that conduct;

- Under what mechanism Maximus, a private corporation, acted under color of law while supposedly engaging in that unidentified violative conduct;

- How or why Maximus conspired with any of the other named defendants to deprive Plaintiff of the equal protection under the law; and

- How Plaintiff was injured because of that conspiracy or how Plaintiff was otherwise deprived of the ability to exercise any right or privilege.

Due to these deficiencies, the Complaint fails Rule 8's pleading threshold, requiring dismissal of Plaintiff's claims against Maximus. *See Lucas v. Wells Fargo Bank, N.A.*, 2026 WL 968700, at *2 (W.D.N.C. Apr. 9, 2026) (dismissal of complaint appropriate where *pro se* plaintiff "merely recited a list of potential claims . . . without real factual support"); *Teasley v. O'Brien*, 2024 WL 2382383, at *3-4 (M.D.N.C. May 23, 2024) (dismissing *pro se* plaintiff's Section 1983 and related claims where plaintiff did not allege any facts explaining how defendant violated plaintiff's due process); *Beaver v. Pfizer Inc.*, 2024 WL 234725, at *4 (W.D.N.C. Jan. 22, 2024) (dismissing *pro se* plaintiff's claims due to failure to allege any supporting facts).

**B.     Plaintiff's Complaint Also Must Be Dismissed Under Rule 12(b)(6) Because Plaintiff Is Not A State Actor.**

Plaintiff's Complaint fails to state a claim for another independent reason: Maximus is alleged to be a private actor, but Section 1983 and other constitutional claims can only be properly brought against state actors. Section 1983 provides a cause of action against persons acting "under color of state law" who deprive others of federal rights. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). The "state action requirement of Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Peltier v. Charter Day Sch.*, 37 F. 4th 104, 115 (4th Cir. 2022) (citation omitted). Proper defendants to a Section 1983 claim must "represent [the state] in some capacity, whether they act in accordance with their authority or misuse it." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988).

When attempting to assert the state action based on a conspiracy with government actors, plaintiffs must plead "facts tending to show agreement and concerted action." *Painter v. Protogyrou*, 2008 WL 648169 (W.D. Va. Mar. 10, 2008) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)); *see also Burnett v. Brown*, 1995 U.S. Dist. LEXIS 20135, at *14 (W.D.N.C. Dec. 21, 1995) (same). "[M]ere conclusory allegations with no supporting factual averments are insufficient." *Burnett*, 1995 U.S. Dist. LEXIS 20135, at *14 (quoting *Sooner Prods. Co.*). Rather, plaintiffs must demonstrate that there is "such a close nexus between the State and the challenged action that seemingly private behavior may fairly be treated as that of the State itself." *Hoyle v. McEntire*, 2014 WL 6450562, at *2 (W.D.N.C. Nov. 17, 2024) (quoting *Brentwood Acad. v. Tenn.*

*Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2000) (cleaned up)). To satisfy the state-action requirement, plaintiffs must show deprivation of federal rights through conduct "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

There are only four recognized instances of private actor conduct being deemed to be "fairly attributable to the State": (1) when the state coerces a private actor; (2) when the state delegates to a private actor a responsibility the state actor has a Constitutional duty to perform; (3) when the state delegates to a private actor a "traditionally and exclusively public function"; or (4) when the state assists a private actor in enforcing its rights. *Hoyle*, 2014 WL 6450562, at *2. For the reasons discussed below, none of these instances are applicable here:

- ***No coercion.*** Plaintiff has not alleged that any state actor "coerce[d]" Maximus to act (particularly where Plaintiff has not even explained what "act" of Maximus he is complaining of).

- ***No delegation of constitutional duty.*** Plaintiff has not alleged that any state actor "delegate[d]" to Maximus "a responsibility the state actor has a Constitutional duty to perform." The Complaint does not allege what "responsibility" Maximus supposedly acted on and how. Nor has the Complaint asserted that a state actor had the constitutional duty to perform that unknown "responsibility" itself. Indeed, North Carolina statutes contemplate private entities supporting the State's child support enforcement functions. *See, e.g.*, N.C.G.S. § 52C-1-101(20) (defining "support

- 15 -

enforcement agency" to mean either a "governmental entity" or a "private agency" that is authorized to, among other things, "[s]eek establishment or modification of child support"). Thus, Plaintiff has not pleaded, nor can he, that any state actor delegated any function to Maximus that the state actor was constitutionally required to perform itself.

- ***No delegation of traditionally and exclusively public function.*** Again, the Complaint does not allege that any state actor "delegate[d]" any particular function, let alone a "traditionally and exclusively public function." There are only a very narrow set of functions that are considered to fall "traditionally" within "the exclusive[] prerogative of the State." *UAW, Local 5285 v. Gaston Festivals,* 43 F.3d 902 (4th Cir. 1995) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 163 (1978)). That narrow set of functions that are subject to carefully confined bounds include "the administration of elections"; the "operation of a company town"; eminent domain; peremptory challenges in jury selection; and in some cases, the "operation of a municipal park." *Id.* As noted, North Carolina state law contemplates and authorizes private entities to administer child support enforcement functions, and thus those functions cannot be said to be "exclusively reserved to the State." *See, e.g.*, N.C.G.S. § 52C-1-101(20). Other courts have similarly held that private actors seeking to enforce child support obligations are not necessarily converted to "state actors." *See, e.g., Baker v. Graham*, 2025 WL 4348651,

at *6 (D.S.C. Nov. 20, 2025), *R&R adopted by Baker v. Graham*, 2026 WL 91442 (D.S.C. Jan. 13, 2026) (dismissal appropriate for § 1983 claims against private parties involved in child support enforcement); *Raffaele v. Marrama*, 164 F. Supp. 2d 224, 227 (D. Mass. 2001) (individual attempting to collect child support due and owing per court order not a "state actor")

- *No enforcement of rights belonging to Maximus.* Plaintiff has not asserted that any state assisted Maximus in enforcing Maximus's own rights. Plaintiff also has not pleaded that Maximus has any potential rights against Plaintiff that Maximus was seeking to enforce, alone or with the State's help.

In sum, Plaintiff's claims against Maximus—all apparently based on § 1983—must be dismissed because Maximus is not adequately alleged to be a state actor.

## VII.  CONCLUSION

For the foregoing reasons, the Court should dismiss all claims in Plaintiff's Complaint against Maximus, with prejudice.

Respectfully submitted,  
June 8, 2026.

/s/ *Joseph S. Dowdy*  
Joseph S. Dowdy  
N.C. State Bar No. 31941  
FOLEY & LARDNER LLP  
4140 Parklake Avenue, Suite 610  
Raleigh, NC  27612  
Phone:  984-375-3050  
Fax:  984-375-3040  
Email:  joe.dowdy@foley.com

**ATTORNEYS FOR DEFENDANT MAXIMUS FEDERAL SERVICES, INC.**

- 18 -

# CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Defendant Maximus Federal Services, Inc. certifies that this brief contains 4,362 words, which complies with the word limit of L.R. 7.3.

Respectfully submitted on June 8, 2026.

*/s/ Joseph S. Dowdy*
Joseph S. Dowdy
N.C. State Bar 31941
Foley & Lardner LLP

# CERTIFICATE OF SERVICE

I hereby certify that I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF System, which will automatically serve notice of such filing to the following registered PACER users in the case, including Plaintiff who has consented to service through PACER:

Ibrahim Mustafaa
626 Price Avenue
Durham, NC 27701
Email: ibrahim.mustafaa@gmail.com
(*Pro se* Plaintiff)

Respectfully submitted on June 8, 2026.

/s/ *Joseph S. Dowdy*
Joseph S. Dowdy
N.C. State Bar 31941
Foley & Lardner LLP